United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 16, 2006**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-30726
Summary Calendar

_____

LETITIA DUMAS,

Plaintiff - Appellant,

v.

CHRISTIAN HEALTH MINISTRIES; BAPTIST COMMUNITY MINISTRIES;
EXECUTIVE RISK INDEMNITY, INC; ST PAUL FIRE & MARINE INSURANCE CO,

Defendants - Appellees.

_____

On Appeal from the United States District Court
for the Eastern District of Louisiana, New Orleans
No. 2:05-CV-285

_____

Before JONES, Chief Judge, and DeMOSS and PRADO, Circuit Judges.

PER CURIAM:[*]

    Appellant Letitia Dumas challenges the district court's grant of summary judgment in favor of Appellees Christian Health Ministries ("Christian Health") and Baptist Community Ministries. Agreeing that Dumas has not demonstrated a genuine issue of material fact, we **AFFIRM.**

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

# I. BACKGROUND

The facts are undisputed. Dumas, an African-American woman, was hired by Christian Health in October 2000 as a Nurse Coordinator. Dumas was subsequently terminated from that position in February 2001; Dumas's supervisors cited poor performance due to her lack of qualifications as reasons for her termination. On December 7, 2001, Dumas filed suit in Louisiana state court alleging employment discrimination in violation of Louisiana's Anti-Discrimination statute, LA. REV. STAT. ANN. § 23:333. Named as defendants were Appellees and their insurers, Executive Risk Indemnity Inc. ("Executive Risk"), and St. Paul Fire & Marine Insurance Co. ("St. Paul"). On December 15, 2004, the district court dismissed Executive Risk from the suit because Christian Health failed to comply with the notice provisions of its insurance policy. On January 27, 2005, Dumas revealed that she sought recovery of punitive damages under federal and state law. The case was removed to federal district court pursuant to 28 U.S.C. § 1446(b) and on April 20, 2005, the district court granted Appellees' motion for summary judgment and dismissed Dumas's claims. On June 2, 2005, the district court granted St. Paul's motion for summary judgment, and the company was dismissed from the suit. Accordingly, the district court entered judgment on June 7, 2005, dismissing Dumas's suit in its entirety. Dumas timely appealed, and this court has jurisdiction pursuant to 28 U.S.C.

§ 1291 to hear the appeal.

## II. DISCUSSION

A district court's grant of summary judgment is reviewed de novo, applying the same standards as the district court. Priester v. Lowndes County, 354 F.3d 414, 419 (5th Cir. 2004). Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED R. CIV. P. 56(C); see also Celotex Corp. v. Catrett, 477 U.S. 317, 312-33, 106 S. Ct. 2548, 2552-53 (1986). On a motion for summary judgment, a court must review the facts in the light most favorable to the nonmovant. Walker v. Thompson, 214 F.3d 615, 624 (5th Cir. 2000). In this case, we must decide whether the district court correctly determined that Dumas had failed to present evidence creating a genuine issue of material fact sufficient to defeat Appellees' motion for summary judgment.

The initial burden in an employment discrimination case is on the plaintiff to establish a prima facie case of discrimination. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 142; 120 S. Ct. 2097, 2106 (2000). This burden is satisfied by proving that (1) the plaintiff is part of a protected class, (2) was qualified for the position, (3) has suffered an adverse action by the employer, and (4) was replaced by someone

3

outside the protected class.  <u>Price v. Fed. Express Corp.</u>, 283 F.3d 715, 720 (5th Cir. 2002).

In the instant case, Dumas's prima facie case fails because she has neither shown she was qualified for the position nor that she was replaced by a person outside of her protected class. A careful review of the record reveals Dumas was not qualified for the Nurse Coordinator position at the time she was hired.  The undisputed evidence shows that she lacked the level of nursing experience required for her position, did not possess a graduate degree, and could not satisfactorily fulfill her job duties.  The district court's grant of Appellees' motion for summary judgment was proper.

**AFFIRMED.**